**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER HART,

    Petitioner,

vs.

R. SUBIA, Warden,

    Respondent.

No. C 07-0357 PJH (PR)

**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**

    This is a habeas case filed pro se by a state prisoner. An order to show cause has been issued but the answer is not yet due. Petitioner has moved for "delay" to allow him to complete state court exhaustion of a claim he wishes to add to the petition.

    Petitioner asks the court to "postpone any further action on the 'Order to Show Cause . . .' and toll any time constraints until the matter of the state writ of habeas corpus is resolved in the state courts." The request to "postpone" will be treated as a motion for a stay; petitioner's associated request that the statute of limitations be treated as tolled will be denied without prejudice to renewing the argument if respondent raises the issue.

    District courts have authority to stay petitions to allow exhaustion. *Rhines v. Webber*, 544 U.S. 269, 277 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

    As to good cause, the case upon which he bases his proposed issue, *Cunningham v. California*, 127 S. Ct. 856 (2007), was not decided until after he had filed the petition. This is good cause for failure to exhaust the claim earlier.

Whether the issue is "potentially meritorious" is more difficult. In *Cunningham* the Court held, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent cases, that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. *Id.* at 871. *Cunningham* contained no hint whether it would apply on collateral review to cases such as petitioner's which were final prior to its decision, but it seems unlikely. *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) *(Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), which held that the relevant "statutory maximum" for *Apprendi* purposes is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings, announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review); *United States v. Cruz*, 423 F.3d 1119, 1122 (9th Cir. 2005) (same as to *United States v. Booker*, 543 U.S. 220, 288-90 (2005), which applied *Apprendi* and *Blakely* to the federal sentencing guidelines). This is, however, a difficult question which should be decided only upon full briefing; suffice to say that it is "potentially meritorious," even though the odds may be against petitioner. The stay will be granted.

## CONCLUSION

The motion for a stay (document number six on the docket) is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. Petitioner's request that the court determine that his *Cunningham* issue is not barred by the statute of limitations is **DENIED** without prejudice.

The stay is subject to the condition that he notify this court within thirty days after the state courts have completed their review of his claims. If he does not do so, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner that exhaustion has been completed.

**IT IS SO ORDERED.**

Dated: May 29, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\HART357.STAY

3